```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 09-20063** |
| | ) | |
| **GREG TAYLOR,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendant Greg Taylor's January 25, 2010 Motion to Suppress. The United States responded in opposition on February 2, 2010. The Motion was referred to Magistrate Judge Diane K. Vescovo on January 26, 2010. An evidentiary hearing was held before Magistrate Judge Vescovo on March 22, 24, and 26, 2010. On May 5, 2010, the Magistrate Judge filed her Report and Recommendation, recommending that Defendant's Motion be granted. The government did not file an objection.

**I.    BACKGROUND**

On September 17, 2008, Diane Davis called 911 to report a domestic disturbance at the home of Defendant, located at 2080 Labelle Street, Memphis, Tennessee (the "Residence"). Davis stated that her boyfriend, Defendant Greg Taylor, was armed and

had fired shots.  Memphis Police Officers William Anderson and Marcella Weaver responded to the call.  Upon arrival at the Residence, the officers saw a male fitting Taylor's description walk to the rear of the home and then return to the front of the home.  The officers also observed Davis standing in front of the home with her son and daughter.

The officers approached the four individuals standing in front of the Residence.  Officer Anderson conducted a pat down of Taylor and found no weapons.  Because Taylor was angry and argumentative and both officers thought that he appeared intoxicated, the officers detained him in a squad car.

Davis wanted to leave the premises, so an officer accompanied her inside the Residence as she gathered her belongings.  Once inside, Davis told Officer Weaver that Taylor had fired shots at Davis and her son.  Officer Weaver relayed that information to her partner, alerting the partner that they had a crime scene.  Officer Anderson then went to the backyard to look for additional people and the gun.

In the backyard, on top of a lawnmower and under a recycling bin, Officer Anderson found a Harrington and Richardson .32 caliber revolver loaded with five live rounds.  The officers then arrested Taylor and charged him with two counts of aggravated assault.  In the instant action, Taylor has

been charged in the indictment as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

At the evidentiary hearing before Magistrate Judge Vescovo, both Taylor and Davis denied giving the officers permission to search Taylor's residence or yard.  Neither officer remembered definitively asking Taylor or Davis for permission to search Taylor's residence or yard.  Officer Anderson testified that Taylor denied there was a gun at his home and told the officers he did not care if they looked around, but Anderson could not recall Taylor's exact words and asserts only that he "indirectly" said the officers could search.  Officer Anderson testified that Davis begged him to look for the gun.  Officer Weaver did not recall either Taylor or Davis giving consent to search Taylor's home or backyard.

Officer Anderson testified that he searched the backyard for the gun to confirm Davis' allegations and to secure the premises; Officer Weaver testified that she did not feel an immediate threat of harm.  Photographs of Taylor's backyard were introduced as evidence.  The photographs show a fence around the backyard and railroad tracks bordering the back perimeter of the yard.

Taylor filed the pending Motion to Suppress, asserting that he had a reasonable expectation of privacy in the curtilage of his residence and that the search of his curtilage was conducted

3

in violation of his Fourth Amendment rights. (Defendant's Motion to Suppress 4.)

## II. ANALYSIS

A "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); see also 28 U.S.C. § 636(b)(1)(C). After reviewing the evidence, the court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court is not required to review—"under a de novo or any other standard"—those aspects of the report and recommendation to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. Id. at 151; see also United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981.)

In response to Defendant's Motion to Suppress, the government argued that the Motion should be denied because: (1) the officers properly obtained consent to search the premises; (2) the search fell within the scope of the protective sweep; (3) exigent circumstances existed justifying a warrantless search; and (4) the evidence found in Taylor's yard was abandoned property.

After conducting a hearing on this matter, Magistrate Judge Vescovo found that the government had failed to prove through "clear and positive evidence" that consent was freely, voluntarily, and unequivocally given by a person with authority to give consent; that the search and recovery of the gun was within the lawful scope of a protective sweep; and that exigent circumstances existed at the time the search took place. The Magistrate Judge also found that Taylor had a legitimate expectation of privacy in the area of the yard where his gun was found, and, therefore, that the gun could not reasonably be considered abandoned property. Based on those conclusions, the Magistrate Judge recommended that the Motion to Suppress be granted.

The Government was given until May 19, 2010 to file any objections. No objections were filed. Therefore, this Court ADOPTS the Magistrate's Report and Recommendation and GRANTS the Defendant's Motion to Suppress. See Thomas, 474 U.S. at 150-52.

### III. CONCLUSION

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's Report and Recommendation to grant Defendant's motion to suppress. Defendant's motion to suppress is GRANTED.

So ordered this 29th day of June, 2010.

```
                              s/ Samuel H. Mays, Jr.
                              SAMUEL H. MAYS, JR.
                              UNITED STATES DISTRICT JUDGE
```